94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey CASLOW, Defendant-Appellant.
 No. 95-3754.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and OLIVER, District Judge.*
 BATCHELDER, Circuit Judge:
 
 
 1
 Defendant Jeffrey Caslow pleaded guilty in the United States District Court for the Southern District of Ohio to a charge regarding false identification documents. He appeals his sentence.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 On March 2, 1995, Caslow was charged under 18 U.S.C. §§ 1028(a)(1) and 1028(b)(1)(A)(i) with knowingly and illegally producing eight false identification documents. Five falsely identified him as a chief deputy with the United States Marshals Service. They had his photograph and identified him as "Jeffrey J. Caslow" or "James T. Hunt." Three others had his photograph and falsely identified him as "David Bowman" and a special agent with the Federal Bureau of Identification. While carrying the documents, he sometimes possessed a firearm. In fact, Caslow said that the primary purpose of the documents was to impress women, and he frequently went to bars where he picked up women after showing them his identification and gun. There is also evidence that at some time he had a gun in his car and in his home with his identification.
 
 
 3
 On July 5, 1995, the district court sentenced Caslow to 12 months' imprisonment, and three years' supervised release as follows. The court used a base offense level of 6. See United States Sentencing Comm'n, Guidelines Manual, ("U.S.S.G.") § 2F1.1(a) (Nov. 1994); see also id. § 2F1.1 (comment. (n. 11)) (citing 18 U.S.C. §§ 1028, 1029). The court added two levels for more than minimal planning, see id. § (b)(2)(A), two levels because the defendant misrepresented he was acting on behalf of a government agency, see id. § (b)(3)(A), and two levels for possession of a firearm during the offense. The district court declined to decrease the total by two levels for acceptance of responsibility under § 3E1.1.
 
 
 4
 The defendant appeals only the enhancement for possession of a firearm during the offense and the denial of a decrease for acceptance of responsibility.
 
 II. DISCUSSION
 
 5
 * The first issue is whether the district court erred in increasing the offense level for possession of a firearm during the offense.
 
 
 6
 We apply a three-part test in reviewing departures from the guideline range:
 
 
 7
 (1) whether the case is sufficiently unusual to warrant departure, a legal question subject to de novo review; (2) whether the circumstances, if legally sufficient, are actually present, a factual question subject to a clearly erroneous standard of review; [and] (3) whether the direction and degree of departure is reasonable.
 
 
 8
 United States v. Johnson, 71 F.3d 539, 544 (6th Cir.1995) (quoting United States v. Johnson, 979 F.2d 396, 400 (6th Cir.1992)), cert. denied, --- U.S. ----, 116 S.Ct. 1338 (1996).
 
 
 9
 In sentencing, it is proper to consider the defendant's acts "that occurred during the commission of the offense of conviction, in the preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense...." U.S.S.G. § 1B1.3(a)(1). Although "conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range[,]" United States v. Berridge, 74 F.3d 113, 116 (6th Cir.1996) (quoting U.S.S.G. § 1B1.3 (comment. (background)), this does not change the requirement of § 1B1.3(a)(1) that the conduct occur "during the commission of the offense of conviction, in the preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."
 
 
 10
 A court may impose a sentence outside the applicable guideline range if there are aggravating or mitigating circumstances which the court finds the Sentencing Commission did not adequately consider, circumstances that by their very nature cannot be listed or analyzed in advance. U.S.S.G. § 5K2.0 (citing 18 U.S.C. § 3553(b)). The Guidelines explicitly authorize departure in several enumerated circumstances. "If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range." Id. § 5K2.6 (emphasis added).
 
 
 11
 In this case, the defendant pleaded guilty to knowingly and illegally producing false identification documents which appeared to have been issued under the authority of the United States. See 18 U.S.C. §§ 1028(a)(1), 1028(b)(1)(A)(i). In departing from the guidelines, the district court found that the guidelines do not contemplate the use of a firearm in this kind of offense. See U.S.S.G. § 2F1.1. Since the defendant used a firearm, and the use enhanced the risk that someone might be injured as a result of the illegal behavior, or that some other improper use of the firearm might occur, the court increased the offense level for the use of a firearm. The district court drew an analogy to cases in which a drug offender carries a weapon to protect drug proceeds. See generally id. § 2D1 (sentences for drug crimes). The court also cited United States v. Stephens, 7 F.3d 285 (2d Cir.1993), and United States v. Yates, 973 F.2d 1 (1st Cir.1992), noting that in both cases, the appeals courts discussed the use of a weapon in cases where the Sentencing Commission did not contemplate it.
 
 
 12
 The record does reflect that the defendant possessed a firearm when he possessed and used the false identification documents, but the government did not charge him with possessing or using the false identification documents. See generally 18 U.S.C. § 1028(a)(3) (speaking of one who "knowingly possesses with intent to use unlawfully ... five or more identification documents ..."). The government charged only him with producing such documents in violation of 18 U.S.C. § 1028(a)(1). There is no indication that he had any firearm "during the commission of the offense of conviction," i.e., when he produced the false identification documents. Nor does the record indicate that he had a firearm "in the preparation for that offense." The government does assert that the defendant's simultaneous possession of a firearm and the false identification documents was an attempt to conceal the false nature of the documents, but the district court made no such finding.
 
 
 13
 Because the record does not indicate that the firearm was part of the relevant conduct, the district court erred as a matter of law in departing upward by two levels to a total offense level of 12. This would ordinarily counsel reversing this part of the sentence. However, the district court, in sentencing the defendant at this level, indicated that it would have given Caslow the same sentence if he were at offense level 10, which has a range of 6 to 12 months. Accordingly, the district court's error is harmless.
 
 B
 
 14
 The defendant also appeals the district court's denial of his request to reduce the offense level for his acceptance of responsibility under U.S.S.G. § 3E1.1(a). We reverse such a denial only if it was clearly erroneous. See, e.g., United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992); cf. United States v. Milligan, 17 F.3d 177, 185 (6th Cir.) (holding a finding of acceptance of responsibility is reversed only for clear error) (citation omitted), cert. denied, --- U.S. ----, 115 S.Ct. 211 (1994).
 
 
 15
 The district court correctly noted that a guilty plea does not automatically entitle the defendant to a reduced offense level for acceptance of responsibility. E.g., United States v. Wolfe, 71 F.3d 611, 616 (6th Cir.1995) (citation omitted). Appropriate considerations in deciding whether a defendant accepted responsibility include, but are not limited to, those in the commentary to § 3E1.1.
 
 
 16
 At the sentencing hearing, the court found, inter alia, that the defendant did not voluntarily terminate his illegal activity, see U.S.S.G. § 3E1.1 (comment. (n. 1(b)), and did not assist the authorities in recovering the "fruits and instrumentalities" of the offense, id. (e), and concluded he had not clearly demonstrated acceptance of responsibility for his offense and denied his request to decrease his offense level. See id. § 3E1.1(a).
 
 
 17
 We find no clear error in these two findings on which the district court based its denial of the defendant's request to lower his offense level for acceptance of personal responsibility.
 
 III. CONCLUSION
 
 18
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The Honorable Solomon Oliver, United States District Judge for the Northern District of Ohio, sitting by designation